WALFREDO IZNAGO FERNANDEZ,
individually and on behalf of all other persons
similarly situated, ANDRES HERNANDEZ,
individually and on behalf of all other persons
similarly situated, EIDA ARMENTEROS,
individually and on behalf of all other persons
similarly situated, ,

       Plaintiff,

-vs-              Case No.  2:11-cv-509-FtM-36SPC

HARVARD MAINTENANCE, INC., HERNA
COMPLETE SERVICES, INC.,

       Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This matter comes before the Court on the Plaintiffs, Walfredo Iznaga Fernandez, Andres

Hernandez, and Eida Armenteros' Renewed Motion for Preliminary Approval of Collective Action

Settlement (Doc. #15) filed on December 9, 2011.

## FACTS

   The Plaintiffs are a group of workers who allege that they were jointly employed by Harvard

Maintenance, Inc. and Herna Complete Services, Inc. to provide janitorial services to the Lee County

schools during July 2011. The named plaintiffs brought claims under the Fair Labor Standards Act

("FLSA") seeking unpaid wages and overtime compensation, on behalf of themselves and on behalf

of all other persons similarly situated ("collective class"). The Complaint was filed on September 12, 2011.

## **DISCUSSION**

The Parties move the Court to enter an order granting the following agreed upon terms: (1) Preliminarily approving of the parties' Settlement Agreement; (2) Conditionally certifying the FLSA Class; (3) Appointing Walfredo Iznaga Fernandez, Andres Hernandez, and Eida Armenteros as class representatives; (4) Authorizing Plaintiffs to issue notice of settlement to the FLSA Class; and (5) Setting a hearing to consider objections and to determine final approval of the Settlement Agreement.

### *(1) Preliminary Approval of Settlement Claims*

The Parties have reached a tentative settlement agreement and seek preliminary court approval of that agreement pending notice of all potential opt-in plaintiffs. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Here, the Plaintiffs state the agreement was derived by negotiations which were handled by competent counsel and included the input of all of the opt-in members of the class. Moreover, the Plaintiffs assert the proposed settlement provides a substantial benefit to the class members now, without the delay, burden, and risks of continued litigation. The Proposed Agreement also provides that any potential opt-in plaintiff's may object to the Proposed Agreement. The Proposed agreement states the Defendant will deposit $51,492.80 (Settlement Fund) with the Plaintiff's Counsel as follows: (a) $46,067.78 payable to Mercado-Spencer Law, PLLC Client Trust Account for distribution to Collective Class members, (b) $5,600.00 in attorney's fees payable to Mercado-Spencer Law, PLLC. (c) the payment of the Settlement Fund to Plaintiff's Counsel shall be accomplished within seven (7) days of the Court's preliminary approval of the settlement agreement, and the Collective Class Plaintiffs' Counsel shall provide th Defendants' Counsel a written list showing: (a) the name of each payee; (ii) each payee's last known mailing address; (iii) the amount to be paid to each payee. Further should the Collective Class Member fail to return his Claim Form and release the Defendant in a timely manner or fail to cash any checks received from the Settlement

Fund within ninety (90) days the funds revert back to the Defendants. Any remaining funds in the Settlement Fund at the end of the recovery time frame will be returned to the Defendant Harvard Maintenance.

After a review of the proposed settlement, the Court recommends that good cause exist under the FLSA to grant preliminary approval to the proposed settlement agreement. Of course the proposed settlement agreement must be reviewed and approved by any members of the Collective Class.

### (2) Conditional Certification

An FLSA action "may be maintained against any employer ... by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The FLSA class certification process generally involves two steps. First, the district court determines whether the plaintiffs should be permitted to solicit other similarly situated class members to "opt in" to the case. In resolving this issue, the court generally applies a fairly lenient standard, which typically results in "conditional certification" of a representative class. Lee v. Mack Construction Services, Inc., 2006 WL 1804589 *1 (M.D. Fla. June 27, 2006) (citing Reed v. Mobile County School System, 246 F.Supp.2d 1227, 1230-31 (S.D.Ala.2003). "Under [§ ] 216(b) of [the] FLSA ... no person can become a party plaintiff ... unless he has affirmatively 'opted into' the class; that is, given his written, filed consent." Lee, 2006 WL 1804589 *1 (citing Lachapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir.1975)). Next, after discovery has taken place and the deadline for returning the opt-in notices has passed, the district court makes a more informed determination on the similarly situated issue, ordinarily in response to a motion to decertify. Lee, 2006 WL 1804589 *1(citing Reed, 246 F. Supp.2d at 1230-31).

The plaintiffs bear the burden at all times to demonstrate that the class is similarly situated. Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996). Nevertheless, this burden is lighter than "that for joinder or for certification of a class action under Federal Rules of Civil Procedure 20(a) or 23, respectively." Gonzalez v. Hair Club for Men, Ltd., Inc., 2007 WL 1079291, at *2 (M.D. Fla. Apr. 9, 2007) (citing Grayson, 79 F.3d at 1096). The plaintiffs need only demonstrate that their positions are "similar, not identical" to the positions held by the potential plaintiffs. Grayson, 79 F.3d at 1096. That said, unsupported allegations that FLSA violations were widespread and that additional plaintiffs exist are insufficient to meet the plaintiffs' burden. Haynes v. Singer, Co., Inc., 696 F.2d 884, 887 (11th Cir. 1983).

In this case, the Parties have stipulated, for settlement purposes only, to certification of a class consisting of " [f]ormer and current non-exempt employees of the Defendants who were employed by Defendants during the Month of July 2011 to provide janitorial services to the Lee County School District's facilities." (Doc. # 15, p.4). As such, the Plaintiffs have met the low threshold and lenient standard necessary for the Court to recommend conditional certification as an FLSA collective action.

### (3) The Collective Representatives

The Plaintiffs, Walfredo Iznaga Fernandez, Andres Hernandez, and Eida Armenteros need only demonstrate that their positions are "similar, not identical" to the positions held by the potential plaintiffs. Grayson, 79 F.3d at 1096. In this instance, the potential collective is composed of individuals who were employees of the Defendant in July of 2011 and performed janitorial services for the Lee County Schools during that month. As such, the Plaintiff's qualify to be the representative Plaintiff's for the FLSA collective.

The Plaintiffs also move the Court to allow notice of the collective settlement to be sent via U.S. Mail to potential opt-in plaintiffs. The decision to certify a collective action in an FLSA case is discretionary. Huff v. DeKalb County, Ga., 516 F.3d 1273, 1282 n. 9 (11th Cir.2008) (citation omitted). When counsel successfully invokes that discretion, however, he triggers the court's duty to ensure that accurate and timely notice is given to similarly situated employees so that they may make an informed decision about whether to join the case. Having done so, counsel himself has also incurred a duty to ensure that the court's notice is sent and that his subsequent steps in the litigation will not have the effect of harming potential opt-in plaintiffs. Counsel may, of course, always decide to reverse course and timely seek to de-certify the class. What he cannot do, however, is fail to send the Court's notice and utilize the Court's certification order to increase the value of only the named and pre-certification plaintiffs' claims to the detriment of other similarly situated employees. Parrilla v. Allcom Const. & Installation Services, LLC., 688 F. Supp. 2d 1347, 1352 (M.D. Fla. 2010).

The Parties attached a copy of the agreed upon Notice to the Motion (Doc. # 15-4). The Notice is signed by counsel for both Parties. Since the Court recommends that the collective action meets the requirements for preliminary approval, the Court finds good cause to recommend that the Parties attached Notice be sent via U. S. Mail to all of the potential collective members.

*(5) Hearing to Determine Final Approval of the Settlement Agreement*

The Plaintiffs move for the Court to hold a hearing at the end of the Notice period to determine if the proposed settlement agreement is a fair and reasonable settlement of a *bona fide* FLSA claim. At this point in time the Court recommends that a hearing may be premature. The Plaintiffs should send out notice first and determine if any of the potential opt-in plaintiffs have any

objections to the proposed settlement. If there are no objections, the Plaintiffs may file a motion for approval without the necessity of a hearing. Should there be a need for a hearing after the potential plaintiffs have filed objections, the Court will reconsider a hearing date at that time.

Accordingly, it is now

**RECOMMENDED:**

The Plaintiffs, Walfredo Iznaga Fernandez, Andres Hernandez, and Eida Armenteros' Renewed Motion for Preliminary Approval of Collective Action Settlement (Doc. #15) should be **GRANTED in part and DENIED in part.**

(1) The Court recommends that the Agreement be Tentatively Approved but not finalized until all of the opt in Plaintiffs have been noticed and agreed to the Proposed Settlement terms.

(2) The Court recommends that the case should be conditionally certified as a collective action pursuant to the FLSA.

(3) The Plaintiffs, Walfredo Iznaga Fernandez, Andres Hernandez, and Eida Armenteros should be appointed as the collectives representatives.

(4) The Plaintiffs should be Authorized to Issue the proposed Notice of Settlement to the FLSA Class (Doc. # 15, Ex.4). It is further recommended:

- The Notice of Settlement may be sent via U.S. Mail

- The Plaintiffs have up to and including **January 15, 2012**, to send the Notices to the prospective opt in plaintiffs.

- The potential opt in plaintiffs have up to and including **March 16, 2012**, to return

their notices accepting or rejecting the terms of the proposed agreement.

• The Parties have up to and including **March 30, 2012, to** file their motion for approval of the settlement agreement or request a hearing to discuss any objections that may arise from the collective class.

(5) The Plaintiff's Motion for a Final Settlement Hearing should be **DENIED as premature** at this point in the proceedings pending any future objections by potential opt in plaintiffs.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___14th___ day of December, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record